J. H. HULME, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11027.    Promulgated November 10, 1927.

*Joseph A. Gill, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

## OPINION.

Green: The petitioner is here seeking to take as a deduction for "bad debts" losses alleged to have occurred in the year 1920. The petitioner was the active vice president of the Drumright State Bank of Drumright, Okla., from 1914 until the fall of 1920. In his management of the affairs of this institution, he was required by the discount committee and board of directors to personally guarantee some of the loans which were made under his direction. The bank had a critical examination by the state authorities in the fall of 1920, as a result of which certain of the loans had to be removed from the assets of the bank. The bank called upon him to take up the above-mentioned notes in accordance with his guarantee. The petitioner in his return for the taxable year 1920 claimed as a deduction for "bad debts" the amount expended in taking up the Logue-Thompson Drilling Co. and the E. O. McCullough notes and by his amended petition seeks to deduct the amount of the L. F. Messman note.

The question before this Board is one entirely of fact, and the three items will be discussed in the order in which they are listed above.

The loan of the Logue-Thompson Drilling Co. was acquired by the petitioner, who was the owner of one-third of the stock in the corporation, in the fall of 1920. Subsequently, in the same year, by vote of the board of directors, all the assets were sold and the proceeds applied to liquidate indebtedness other than that of the petitioner, making his note absolutely worthless. Under this state of facts, the petitioner sustained a loss which was properly deductible under section 214(a) (4) of the Revenue Act of 1918.

The evidence in regard to the E. O. McCullough transaction is extremely vague. McCullough and the petitioner were partners in

the automobile business. The loan made by the bank was made in the name of McCullough and the petitioner neither signed nor endorsed it; however, the proceeds went entirely to the partnership. There is no evidence as to the date the loan was made nor as to whether losses arising from the partnership were deducted in prior income-tax returns. The record is also lacking as to the amount of this loan which was contributed by McCullough for the benefit of the partnership. The payment of an obligation of his own on the part of the petitioner does not represent a loss. In the absence of any evidence as to the amount that was paid on behalf of McCullough, the finding of the Commissioner should be sustained.

As to the loss claimed in connection with the L. F. Messman note, the evidence is extremely vague. The petitioner received the proceeds of the note and also during the taxable year was prosecuting a suit against the maker of the note upon which he expected to recover and did make a recovery of $2,500 in the subsequent year. The evidence presented does not disclose a loss which may be deducted during the year 1920.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by STERNHAGEN, LANSDON, and ARUNDELL.